UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Camilo Quiroz, | ) | C/A No. 2:15-1891-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Solicitor Jessica Baldwin, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Camilo Quiroz, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is a pretrial detainee at the Charleston County Detention Center. Plaintiff alleges that his constitutional rights were violated because Defendant, Charleston County Solicitor Jessica Baldwin, failed to dismiss a criminal case against him even though Plaintiff's alleged victim did not appear at Plaintiff's preliminary hearing.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449



U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges that Defendant violated his Fourth, Sixth, and Fourteenth Amendment rights as to a criminal action pending against him. He claims that he was seized by a legal proceeding that was not supported by probable cause because he was not allowed to appear at his preliminary hearing and Defendant did not produce the alleged victim/accuser at a preliminary hearing such that Plaintiff was not able to confront his accuser. Plaintiff claims that his public defender told him that Defendant was willing to allow Plaintiff to plead to a misdemeanor charge with time served. He states that he has already served three months and claims that Defendant was willing to allow him to plead to a "30 day charge." Plaintiff alleges that Defendant has maliciously prosecuted and falsely imprisoned him in violation of his Fourth Amendment rights, based on Plaintiff's unreasonable seizure on February 19, 2015 (which appears to be the date of his preliminary hearing). Complaint, ECF No. 1 at 2-4. Plaintiff requests release from prison, monetary damages, and other injunctive relief. Id. at 5.

2



Plaintiff provides few details concerning his pending criminal charge. However, records from Charleston County indicate that Plaintiff has a pending charge for Criminal Domestic Violence - 2nd Offense, for which he was arrested on January 18, 2015, a warrant and affidavit were filed on January 26, 2015, and a preliminary hearing was waived on February 19, 2015. A true bill was filed on April 7, 2015, and a first appearance date is scheduled for May 29, 2015. Charleston County Circuit Court Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2015A1010200303&CaseType=C (last visited May 8, 2015).[1]

This action should be dismissed because Defendant, as an assistant prosecutor for Charleston County, is entitled to absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000). In the instant action, Plaintiff's claims against Defendant involve the prosecution of Plaintiff's criminal case. Therefore, Defendant is protected from Plaintiff's claim for damages by prosecutorial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is

---

[1] This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ["We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"].

3



an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process].

Further, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts]. Here, Plaintiff is not foreclosed from raising the issues he raises in his Complaint and having them ruled on in his ongoing state criminal prosecution by a state court Judge. Thus, this Court should not intervene in Plaintiff's pending criminal proceedings.

Additionally, Plaintiff's claims for malicious prosecution are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477

4



(1994).² In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Here, Plaintiff's claims necessarily question the validity of his prosecution, such that any claims for monetary damages are subject to summary dismissal because a right of action has not yet accrued. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff](emphasis added), cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."].³

---

²Plaintiff has not alleged that he was unlawfully arrested, but instead claims that he has was subjected to malicious prosecution and false imprisonment after the date of his scheduled preliminary hearing. To the extent that Plaintiff is alleging that his arrest was made pursuant to a warrant that was not supported by probable cause, his claim is one for malicious prosecution. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). A false imprisonment cause of action is one for detention in the absence of process; a malicious prosecution cause of action is brought when detention is based on the "wrongful institution of legal process." Wallace v. Kato, 549 U.S. 384, 389-390 (2007). Unlike Fourth Amendment "false arrest claims" to which Heck is not applicable pursuant to Wallace v. Kato, 549 U.S. at 394, malicious-prosecution type constitutional claims raised by a pretrial detainee are still subject to Heck, and the "favorable termination rule."

³As noted above, Charleston County records indicate a true bill has been filed. "A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983." Provet v. South Carolina, No. 6:07–1094–GRAWMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (citing Gatter v. Zappile, 67 F.Supp.2d 515, 519 (E.D.Pa.1999), aff'd 225 F.3d 648 (3d Cir. 2000); Sibdhannie v. Coffey, No. Civ. A. 06–3394(PGS), 2006 WL 3780778 (D.N.J. Dec.21, 2006)); see also Whitner v. Duke Power, 288 S.E.2d 389 (S.C. 1982) ["[A] true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution."]. There is no constitutional right to a preliminary hearing, as long as there is some determination of probable cause prior to an extended restraint of liberty following arrest. See United States v. Kabat, 586 F.2d 325 (4th Cir.1978); State v. Keenan, 296 S.E.2d 676, 678

(continued...)



As for Plaintiff's request of release from incarceration, Plaintiff's exclusive federal remedy to obtain release from custody is to file a petition for a writ of habeas corpus under 28 U.S.C. §§ 2254 or 2241, after full exhaustion of his state remedies. See Heck, 512 U.S. at 481 [holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"]; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. Moreover, this Defendant would not be the proper party in such an action, as a prisoner's custodian is the proper respondent in a habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

Finally, to the extent Plaintiff has alleged claims under state law (he requests monetary damages for, among other things, emotional distress, mental anguish, and slander), federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute,

---

[3](...continued)
(S.C.1982). In South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives presentment before the preliminary hearing can be held. Rule 2(b), SCRCrimP.



that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, Plaintiff's Complaint and proposed service documents indicate that both parties to this action are residents of South Carolina, so diversity of citizenship does not exist. See ECF No. 1, 3. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

## Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 11, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



8